UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

   v.

JOYCE ANN SKINNER et al.,

        Defendants.

No.  CIV 13-877 LKK/CKD

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on March 24, 2014.  Thomas P. Riley appeared telephonically as counsel for plaintiff; Curtis R. Namba appeared telephonically for defendants Joyce Ann Skinner

1  and Larry Skinner; Matthew A. Pare appeared telephonically for
2  defendants Brian M. Elia and Michael Elia.  After hearing, the
3  court makes the following findings and orders:

4  **SERVICE OF PROCESS**

5  All parties have been served and no further service is
6  permitted except with leave of court, good cause having been
7  shown.

8  **JOINDER OF PARTIES/AMENDMENTS**

9  No further joinder of parties or amendments to pleadings is
10 permitted except with leave of court, good cause having been
11 shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604
12 (9th Cir. 1992).

13 **JURISDICTION/VENUE**

14 Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1367, is
15 undisputed, and is hereby found to be proper, as is venue.

16 **MOTION HEARING SCHEDULES**

17 All law and motion except as to discovery is left open, save
18 and except that it shall be conducted so as to be completed by
19 **February 24, 2015**.  The word "completed" in this context means
20 that all law and motion matters must be **heard** by the above date.
21 Because this date is not necessarily a date previously set aside
22 for law and motion hearings, it is incumbent upon counsel to
23 contact this court's courtroom deputy, Ana Rivas at (916) 930-
24 4133, sufficiently in advance so as to ascertain the dates upon
25 which law and motion will be heard and to properly notice its
26 motion for hearing before that date.  Counsel are cautioned to
27 refer to Local Rule 230 regarding the requirements for noticing
28 such motions on the court's regularly scheduled law and motion

calendar.  **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to thirty (30) pages, and reply memoranda are limited to fifteen (15) pages.  The parties are also cautioned against filing multiple briefs to circumvent this rule.**

Where the parties bring motions for summary judgment, the court will deem facts which are apparently undisputed as

3

1  undisputed under Fed. R. Civ. P. 56(e), unless specifically
2  reserved and that party tenders evidence to support the
3  reservation.

4      ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
5  PRETRIAL MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL
6  ORDINARILY BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.
7  COUNSEL ARE CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE
8  BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY
9  THE COURT AFTER LAW AND MOTION CUTOFF, FOR INSTANCE WHERE THE
10 ISSUE IS JURISDICTION, SUBSTANTIAL SANCTIONS WILL BE LEVIED
11 AGAINST COUNSEL WHO FAIL TO TIMELY FILE AN APPROPRIATE MOTION.

12     Counsel are further reminded that motions in limine are
13 procedural devices designed to address the admissibility of
14 evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
15 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF
16 MOTIONS IN LIMINE  AT THE TIME OF TRIAL.

17     **DISCOVERY**

18     No modifications of the discovery requirements found in the
19 Federal Rules is ordered.

20     All discovery is left open, save and except that it shall be
21 so conducted as to be completed by **December 24, 2014**. The word
22 "completed" means that all discovery shall have been conducted so
23 that all depositions have been taken and any disputes relative to
24 discovery shall have been resolved by appropriate order if
25 necessary and, where discovery has been ordered, the order has
26 been complied with. Motions to compel discovery must be noticed
27 on the magistrate judge's calendar in accordance with the local
28 rules of this court and so that such motions will be heard not

4

later than **November 24, 2014**.  In this regard, all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than **forty-five (45)** days before the close of discovery herein established.  All designated experts shall submit written reports which counsel shall exchange at the time of designation.  The contents of the report must comply with Fed. R. Civ. P. 26 (a)(2)(B).  All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

### MID-LITIGATION STATEMENTS

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all other parties a brief statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that

1  any further motions will be noticed prior to the close of law and

2  motion.   The filing of this statement shall not relieve the

3  parties or counsel of their obligation to timely notice all

4  appropriate motions as set forth above.

5       **FINAL PRETRIAL CONFERENCE**

6       The Final Pretrial Conference is **SET** for **May 26, 2015, at**

7  **1:30 p.m**.   Counsel are cautioned that counsel appearing for

8  Pretrial will in fact try the matter.

9       Counsel for all parties are to be fully prepared for trial

10 at the time of the Pretrial Conference, with no matters remaining

11 to be accomplished except production of witnesses for oral

12 testimony.   Counsel are referred to Local Rules 280 and 281

13 relating to the contents of and time for filing Pretrial

14 Statements.   In addition to those subjects listed in Local Rule

15 281(b), the parties are to provide the court with a plain,

16 concise statement which identifies every non-discovery motion

17 tendered to the court, and its resolution.   A FAILURE TO COMPLY

18 WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

19      The parties shall file Separate Pretrial Statements, the

20 contents and timing of which are set forth in Local Rule 281,

21 except that the parties are to prepare a JOINT STATEMENT with

22 respect to the undisputed facts and disputed factual issues of

23 the case.   See Local Rule 281(b)(3), (4), and (6).   The parties

24 are reminded to include in their joint statement all disputed and

25 undisputed special factual information as required by Local Rule

26 281(b)(6).   Notwithstanding the provisions of Local Rule 281, the

27 Joint Statement of Undisputed Facts and Disputed Factual Issues

28 is to be filed with the court concurrently with the filing of

6

1    plaintiff's Pretrial Statement.

2         The undisputed facts and disputed factual issues are to be
3    set forth in two separate sections.  In each section, the parties
4    should identify first the general facts relevant to all causes of
5    action.  After identifying the general facts, the parties should
6    then identify those facts which are relevant to each separate
7    cause of action.  In this regard, the parties are to number each
8    individual fact or factual issue.  Where the parties are unable
9    to agree as to what factual issues are properly before the court
10   for trial, they should nevertheless list in the section on
11   "DISPUTED FACTUAL ISSUES" all issues asserted by any of the
12   parties and explain by parenthetical the controversy concerning
13   each issue.  Each individual disputed fact or factual issue shall
14   include the following introductory language:  "Whether or not . .
15   . ."  The parties should keep in mind that, in general, each fact
16   should relate or correspond to an element of the relevant cause
17   of action.  If the case is tried to a jury, the undisputed facts
18   will be read to the jury.

19        Pursuant to Local Rule 281(b)(10) and (11), the parties are
20   required to provide in their Pretrial Statements a list of
21   witnesses and exhibits that they propose to proffer at trial, no
22   matter for what purpose.  These lists shall not be contained in
23   the Pretrial Statement itself, but shall be attached as separate
24   documents to be used as addenda to the Final Pretrial Order.
25   Plaintiff's exhibits shall be listed **numerically**; defendants'
26   exhibits shall be listed **alphabetically**.  In the event that the
27   alphabet is exhausted, defendants' exhibits shall be marked "2A-
28   2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent

1    standard for the proffering of witnesses and exhibits at trial

2    not listed in the Pretrial Order.  Counsel are cautioned that the

3    standard will be strictly applied.   On the other hand, the

4    listing of exhibits or witnesses which counsel do not intend to

5    call or use will be viewed as an abuse of the court's processes.

6        Pursuant to Local Rule 281(b)(12), a party is required to

7    provide a list of all answers to interrogatories and responses to

8    requests for admission that the party expects to offer at trial.

9    This list should include only those documents or portions thereof

10   which the party expects to offer in its case-in-chief.   Unless

11   otherwise barred by a rule of evidence or order of this court,

12   the parties remain free to tender appropriate discovery documents

13   during trial for such purposes as, but not limited to,

14   impeachment or memory refreshment.

15       Pursuant to Local Rule 281(b)(8), the parties' Pretrial

16   Statements shall contain a "statement of legal theory, etc."

17   Each party shall commence this section by specifying as to each

18   claim whether federal or state law governs, and if state law, the

19   state whose law is applicable.

20       Counsel are also reminded that, pursuant to Fed. R. Civ. P.

21   16, it will be their duty at the Pretrial Conference to aid the

22   court in (a) formulation and simplification of issues and the

23   elimination of frivolous claims or defenses; (b) settling of

24   facts which should be properly admitted; and (c) the avoidance of

25   unnecessary proof and cumulative evidence.  Counsel must prepare

26   their Pretrial Statements, and participate in good faith at the

27   Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

28   MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

8

1  monetary sanctions, orders precluding proof, eliminations of
2  claims or defenses, or such other sanctions as the court deems
3  appropriate.

4  **TRIAL SETTING**

5  Trial is **SET** for **August 25, 2015**, at 10:30 a.m. Trial will
6  be by jury. The parties represent in good faith that the trial
7  will take approximately three (3) days.

8  **SETTLEMENT CONFERENCE**

9  A Settlement Conference will be set before a judge other
10 than the trial judge at the time of the Pretrial Conference.

11 Counsel are cautioned to have a principal capable of
12 disposition present at the Settlement Conference or to be fully
13 authorized to settle the matter on any terms and at the
14 Settlement Conference.

15 **MISCELLANEOUS PROVISIONS**

16 The parties are reminded that pursuant to Fed. R. Civ. P.
17 16(b), the Status (pretrial scheduling) Order **shall not be**
18 **modified except by leave of court upon a showing of good cause.**
19 Counsel are cautioned that changes to any of the scheduled dates
20 will necessarily result in changes to all other dates. Thus,
21 even where good cause has been shown, the court will not grant a
22 request to change the discovery cutoff date without modifying the
23 pretrial and trial dates.

24 **Agreement by the parties pursuant to stipulation does not**
25 **constitute good cause. Nor does the unavailability of witnesses**
26 **or counsel, except in extraordinary circumstances, constitute**
27 **good cause.**

28 The parties are reminded of their continuing obligation to

1 | supplement their statements relative to the identification of
2 | parent corporations and any publicly held company that owns 10%
3 | or more of the party's stock within a reasonable time of any
4 | change in the information.
5 | The parties are admonished that they are not to cite or
6 | refer to any of the quotations inscribed in the pavers on the
7 | front plaza of the United States Courthouse in any written or
8 | oral presentation to the court or a jury.
9 | There appear to be no other matters presently pending before
10 | the court that will aid the just and expeditious disposition of
11 | this matter.
12 | IT IS SO ORDERED.
13 | DATED: March 26, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT