UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>JOYCE ANN SKINNER and LARRY LEROY SKINNER, individually and d/b/a CAMANCHE HILLS DINNER HOUSE & LOUNGE A/K/A BELLA ROSA,<br><br>        Defendants.<br>═══════════════════════════<br>JOYCE ANN SKINNER and LARRY LEROY SKINNER,<br><br>        Defendants and Third-Party Plaintiffs,<br><br>   v.<br><br>BRIAN M. ELIA and MICHAEL ELIA,<br><br>        Third-Party Defendants. | No.  CIV. S-13-0877 LKK/CKD<br><br>**ORDER** |

Third-party defendants move to dismiss the third-party

1

1 complaint.  For the reasons set forth below, the motion will be
2 granted.

### I.   BACKGROUND

On May 5, 2012, the boxing match between Floyd Mayweather, Jr. and Miguel Cotto (the "Match") was telecast nationwide.  See First Amended Complaint (ECF No. 24) ¶ 23.  Plaintiff J&J Sports Productions, Inc., "was granted the exclusive nationwide commercial distribution (closed-circuit) rights" to the Program.  Id.  The First Amended Complaint alleges that defendants Joyce and Larry Skinner, are the owners and operators of the Camanche Hills Dinner House & Lounge (the "Lounge").  Id., ¶¶ 7-8.  On the day of the Program, the defendants directed the Lounge employees to unlawfully intercept and broadcast the Match.  Id., ¶ 14.

On May 3, 2013, plaintiff filed their original complaint against the Skinners (ECF No. 1), asserting claims under the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 553,[1] and the Communications Act of 1934, 47 U.S.C § 605,[2] as well as state law claims, for the alleged unauthorized interception and broadcast of the Match.

Thereupon, the Skinners filed a third-party complaint against Michael and Brian Elia (father and son).  Third Party Complaint ("Complaint") (ECF No. 16).  The third-party complaint

---

[1] "No person shall intercept … any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553.

[2] "[N]o person receiving, … any interstate … communication by wire … shall … publish the … contents … thereof, except through authorized channels of transmission or reception."  47 U.S.C. § 605.

2

alleges that although the Skinners are the owners of the real estate and building where the Lounge is located, the Elias are the operators of the Lounge. Id., ¶ 7. The third-party complaint asserts that if anyone unlawfully intercepted and broadcast the Match in the Lounge, it was the Elias, and that any such wrongdoing was carried out without the knowledge, acquiescence or assistance of the Skinners. Id., ¶ 11.

The Elias move to dismiss the third-party complaint in its entirety.

## II.   DISMISSAL STANDARDS

A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges a complaint's compliance with the federal pleading requirements. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[3]

---

[3] Citing Twombly, 550 U.S. at 555-56, Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations"), and Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test" under Rule 12(b)(6)).

3

1    "While legal conclusions can provide the framework of a
2    complaint," neither legal conclusions nor conclusory statements
3    are themselves sufficient, and such statements are not entitled
4    to a presumption of truth.  Iqbal, 556 U.S. at 679.  Iqbal and
5    Twombly therefore prescribe a two-step process for evaluation of
6    motions to dismiss.  The court first identifies the non-
7    conclusory factual allegations, and then determines whether these
8    allegations, taken as true and construed in the light most
9    favorable to the plaintiff, "plausibly give rise to an
10   entitlement to relief."  Iqbal, 556 U.S. at 679.

11   "Plausibility," as it is used in Twombly and Iqbal, does not
12   refer to the likelihood that a pleader will succeed in proving
13   the allegations.  Instead, it refers to whether the non-
14   conclusory factual allegations, when assumed to be true, "allow[]
15   the court to draw the reasonable inference that the defendant is
16   liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.
17   "The plausibility standard is not akin to a 'probability
18   requirement,' but it asks for more than a sheer possibility that
19   a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.
20   at 557).[4]  A complaint may fail to show a right to relief either

---

[4] Twombly imposed an apparently new "plausibility" gloss on the previously well-known Rule 8(a) standard, and retired the long-established "no set of facts" standard of Conley v. Gibson, 355 U.S. 41 (1957), although it did not overrule that case outright. See Moss v. U.S. Secret Service, 572 F.3d 962, 968 (9th Cir. 2009) (the Twombly Court "cautioned that it was not outright overruling Conley ...," although it was retiring the "no set of facts" language from Conley).  The Ninth Circuit has acknowledged the difficulty of applying the resulting standard, given the "perplexing" mix of standards the Supreme Court has applied in recent cases.  See Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir. 2011) (comparing the Court's application of the "original, more lenient version of Rule 8(a)" in Swierkiewicz v. Sorema N.A., 534

by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III. ANALYSIS

**A.   Claim One – Declaratory Relief.**

Third party plaintiffs (Skinners) seek a declaration that the third party defendants (Elias) are liable to the Skinners for any and all "legal costs, attorney's fees, required settlement, and/or judgment" entered against the Skinners. Defendants move to dismiss on the grounds that the Skinners are seeking indemnity, which is not permitted against federal claims under Sections 553 and 605. Third-party defendants are correct. Doherty v. Wireless Broadcasting Systems of Sacramento, Inc., 151 F.3d 1129, 1130-31 (9th Cir. 1998) (no right of indemnification or contribution exists against a suit for unauthorized interception and broadcast of boxing match, under Sections 553 and 605), cert. denied, 528 U.S. 813 (1999).

The Skinners concede the point. ECF No. 33 at 8. However, the Skinners assert that they are still entitled to a declaratory judgment to apportion blame. Id., at 9. They argue that they are entitled to show that they were "innocent, non-participating parties, without knowledge or consent to the alleged pirating – so their liability can be limited to the minimum amount prescribed by these two statutes." Id.

---

U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam), with the seemingly "higher pleading standard" in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), Twombly and Iqbal), cert. denied, 132 S. Ct. 2101 (2012). See also Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set of facts" standard to a Section 1983 case).

The Skinners do not cite any statute or case that would permit the declaratory judgment action to go forward in light of the absence of any possible indemnity or contribution. The relevant statute, meanwhile, clearly cuts against their argument. The showing that plaintiffs want to make – that they did nothing wrong – is a showing that is a part of the defense against the primary claim against them, and is specifically addressed in the statute:

> In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100.

47 U.S.C. § 553(c)(3)(B). Also:

> In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C.A. § 605(e)(3)(C)(iii).

Accordingly, there is no need to try the issue in a separate third-party lawsuit.[5] The first claim of the third-party complaint will therefore be dismissed in its entirety, with prejudice.

**B.   Claims 2-4 – State Claims.**

The remaining third-party claims are purely state claims for

---

[5] In addition, the primary plaintiff has notified the court that the primary lawsuit has been settled. See ECF No. 43. If so, the Skinners' liability has already been decided, and there is no reason to try the matter in a third-party lawsuit.

6

"declaratory relief for equitable comparative indemnity," "implied contractual indemnity," and "tort of another." There is no federal question presented, no diversity jurisdiction, nor are any other grounds for federal jurisdiction apparent. Accordingly, the court declines to exercise supplemental jurisdiction over the state claims, and will dismiss the Second Claim, Third Claim and Fourth claim without prejudice. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state claims when it has "dismissed all claims over which it has original jurisdiction").

### IV.  CONCLUSION

For the reasons stated above,

1. The First Claim of the third-party complaint is hereby **DISMISSED** with prejudice;

2. The court declines to exercise jurisdiction over the Second Claim, Third Claim and Fourth Claim of the third-party complaint, pursuant to 28 U.S.C. § 1367(c)(3), and accordingly, those claims are hereby **DISMISSED** without prejudice;[6] and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: May 27, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] The statute of limitations for the state claims have been tolled during the pendency of this lawsuit, by operation of law. 28 U.S.C. § 1367(d); see Jinks v. Richland County, S.C., 538 U.S. 456, 460 (2003) (the Section 1367(d) tolling provision is constitutional).

7